IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


JUAN MONTES,                        §
                                    §
          Plaintiff,                §
                                    §
VS.                                 §   NO. 4:05-CV-264-A
                                    §
AMERICAN HOME ASSURANCE             §
COMPANY, ET AL.                     §
                                    §
          Defendants.               §


MEMORANDUM OPINION
and
ORDER

     Came on for consideration the motion of plaintiff, Juan

Montes, to remand.  Having considered the motion, the response of

defendants, American Home Assurance Company ("AHAC"), Specialty

Risk Services ("SRS"),[1] and Mary Soheili ("Soheili"), plaintiff's

reply,[2] and applicable authorities, the court concludes that the

motion should be granted.

I.

Background

     Plaintiff's claims in this action were originally brought as

counterclaims and third-party claims in a related action in state

court.  In his "Original Answer and Original Counter-Claim and

Third Party Claim" ("complaint"), which remains his active

pleading, plaintiff asserts claims against defendants for: (1)

---

[1]SRS identifies itself as "Specialty Risk Services, LLC."

[2]Plaintiff's reply is titled "Response to Defendant's Response
to Motion to Remand."

breach of duty of good faith and fair dealing; (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (3) violations of the Texas Insurance Code; and (4) intentional infliction of emotional distress.  Notice of Removal, Tab B at 4-6.  After plaintiff's claims were severed from the original action, SRS filed a notice of removal in this court, on the ground that Soheili was improperly joined to defeat diversity jurisdiction.[3] The parties do not dispute that plaintiff and Soheili are both citizens of Texas, and if Soheili is considered in determining diversity of citizenship, then the court lacks subject matter jurisdiction over this action.

II.

Removal Jurisdiction

The burden of establishing federal jurisdiction is on the party seeking removal.  Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).  Interests of federalism and comity require that removal jurisdiction be strictly construed.  Bosky v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  Jurisdiction is determined as of the time of removal.  Bank One Tex., N.A. v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994).  The court considers only the citizenship of real and substantial parties to the

---

[3]Although the notice of removal uses the term "fraudulently joined," the Fifth Circuit has adopted the term "improper joinder." See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).  There is no substantive difference between the two terms, but the court has substituted the Fifth Circuit's preferred language.  See id.

controversy and disregards nominal or formal parties who have no
real interest in the dispute before the court.  <u>Navarro Savs.
Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980);  <u>Wolff v. Wolff</u>, 768
F.2d 642, 645 (5th Cir. 1985).

III.

<u>Analysis</u>

A party seeking removal on the basis of improper joinder
bears a heavy burden.  <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385
F.3d 568, 574 (5th Cir. 2004).  Improper joinder may be
established by: "(1) actual fraud in the pleading of
jurisdictional facts, or (2) inability of the plaintiff to
establish a cause of action against the non-diverse party in
state court."  <u>Id.</u> at 573 (quoting <u>Travis v. Irby</u>, 326 F.3d 644,
646-47 (5th Cir. 2003)).  Because defendants have not alleged
actual fraud in the pleadings, the test for improper joinder is:

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an
> in-state defendant, which stated differently means that
> there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover
> against an in-state defendant.

<u>Id.</u> (citing <u>Travis</u>, 326 F.3d at 648).  To answer this question,
the court may either: (1) conduct a Rule 12(b)(6)-type analysis
or (2) in rare cases, make a summary inquiry "to identify the
presence of discrete and undisputed facts that would preclude
plaintiff's recovery against the in-state defendant."  <u>Id.</u>  In
this case, defendants have not identified or even alluded to any
discrete and undisputed facts that would preclude plaintiff's

3

recovery against Soheili, and the court has determined that a Rule 12(b)(6)-type analysis is appropriate.  The court resolves any contested issues of fact and any ambiguities in state law in favor of plaintiff.  <u>Travis</u>, 326 F.3d at 649.

The parties' arguments focus primarily on plaintiff's claims for violations of the Texas Insurance Code.  Plaintiff alleges that defendants engaged in certain unfair practices with regard to his workers' compensation claim.  Particularly, he alleges that defendants: (1) "did not bring about a prompt, fair and equitable settlement of a claim whose liability was reasonably clear," in violation of Texas Insurance Code Article 21.21, Section 4(10)(a)(ii), and (2) "refused to pay a claim without conducting a reasonable investigation," in violation of Article 21.21, Section 4(10)(a)(viii).  Notice of Removal, Tab B at 6.  Although plaintiff does not specify the role Soheili played with regard to his allegations, defendants admit that Soheili was the insurance adjuster on plaintiff's workers' compensation claim.  Resp. at 2.

The relevant portion of Article 21.21 is as follows:

Sec. 2. When used in this Article:

(a) "Person" shall mean any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors.

. . . .

Sec. 3. No person shall engage in this state in any trade practice which is defined in this Act as, or determined pursuant to this Act to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

. . . .

Sec. 4. The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

. . . .

(10) Unfair Settlement Practices.  (a) Engaging in any of the following unfair settlement practices with respect to a claim by an insured or beneficiary:

. . . .

(ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

. . . .

(viii) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

. . . .

Tex. Ins. Code Art. 21.21 § 2-4 (emphasis added).

Defendants argue that the duties under Sections 4(10)(ii) and (viii) of Article 21.21 belong to the insurance carrier alone

5

and that an adjuster may not be held liable under such statute.
Resp. at 3-4.  However, the cases cited by defendants do not
support their position.  In Natividad v. Alexis, the Texas
Supreme Court held that the common law duty of good faith and
fair dealing belonged only to the insurance carrier, but it
expressly noted that no cause of action under Article 21.21 was
before the court.  875 S.W. 695, 696 n.2 (Tex. 1994).  Likewise,
in Universal Life Insurance v. Giles, the Texas Supreme Court
adopted the "reasonably clear" standard of Article 21.21, Section
4(10)(a)(ii) for breaches of the common law duty of good faith
and fair dealing, but it also noted that the legislature, by
adding Section 4(10) to Article 21.21 in 1995, created a private
right of action for unfair claims settlement practices.  950
S.W.2d 48, 55-56, 69 (Tex. 1997).  Nothing in Universal can
reasonably be construed as limiting the duties required by
Section 4(10) of Article 21.21, which was added after Natividad
was decided, to match those of the common law.  Given the plain
language of Article 21.21, which states that "adjusters" are
"person[s]" and that "[n]o person shall engage in" the practices
defined therein, defendants have failed to convince the court
that an adjuster cannot be held liable for violations of Article
21.21.  Tex. Ins. Code Art. 21.21, §§ 2-4; see also Liberty Mut.
Ins. v. Garrison Contractors, 966 S.W.2d 482, 487 (Tex. 1998)
(holding that "Article 21.21 provides a cause of action against

6

insurance company employees whose job duties call for them to engage in the business of insurance").[4]

For the reasons discussed, the court concludes that plaintiff's motion to remand should be granted.  The court has determined that an award of attorneys' fees and other costs and expenses would be inappropriate in this case.

IV.

Order

Accordingly,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the District Court of Tarrant County, Texas, 352nd Judicial District.

The court further ORDERS that plaintiff's request for an award of his attorneys' fees be, and is hereby, denied.

SIGNED June  29 , 2005.

---

[4]Defendants also cite Hornbuckle v. State Farm Lloyds, which concluded "that there is no reasonable possibility that Texas would allow recovery under Article 21.21 . . . . against an insurance company employee, who in the course of his employment engages in business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation . . . ."  385 F.3d 538, 545 (5th Cir. 2004) (emphasis in original).  Although the court agrees with the Fifth Circuit's conclusion, such conclusion is irrelevant to the instant case.  The Fifth Circuit held only that defendant's had objectively reasonable grounds for removal where the summary judgment-type evidence, presented after extensive discovery had taken place in state court, revealed a complete absence of evidence against the in-state employee.  Id.  The Fifth Circuit distinguished Hornbuckle from those cases, such as this one, "in which removal was on the basis that the pleadings did not state a claim against the local defendant or in which there was no discovery and no relevant summary judgment type evidence."  Id.  The only question before this court is whether, based on the pleadings, there is a reasonable basis to predict that plaintiff might recover on any claim against Soheili.  See Smallwood, 385 F.3d at 573.  Plaintiff's allegations and claims are all made against the "Counter-Defendants," collectively.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge